UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ePAPERSIGN, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>XEROX CORPORATION,<br><br>                    Defendant. | Civil Action No. 03 CV 11196 EFH |

## DEFENDANT XEROX CORPORATION'S MOTION TO PLACE UNDER SEAL ATTACHMENTS TO PLAINTIFF'S AMENDED COMPLAINT AND THE CAPITAL CONTRIBUTION AGREEMENT

Pursuant to Local Rule 7.2, Defendant Xerox Corporation ("Xerox" or "Defendant") requests that the Court enter an order impounding attachments B, C, D, and E to Plaintiff ePaperSign, LLC's ("ePS" or "Plaintiff") Complaint and Amended Complaint (hereinafter collectively referred to as "Amended Complaint") and the Capital Contribution Agreement referenced in the Amended Complaint. As described in detail below, Xerox and ePS agreed not to publicly disclose confidential or proprietary information related to ePS, Xerox, or Gyricon Media[1] (hereinafter, "Gyricon" or "GMI"). Accordingly, Xerox respectfully requests that selected exhibits to ePS's Amended Complaint be impounded. Xerox further requests permission to impound one of the agreements referenced in the Amended Complaint, but not attached thereto, to facilitate this Court's review

---

[1] As detailed in Xerox's recent Motion to Dismiss filed on October 20, 2003, ePS and Xerox jointly formed and owned Gyricon Media, Inc. and Gyricon Media LLC.

of its pending Motion to Dismiss Plaintiff's Amended Complaint and for a More Definite Statement ("Motion to Dismiss").

### I. The Capital Contribution Agreement—Properly Considered in Support of Xerox's Motion to Dismiss and the Source of the Parties' Non-Disclosure Agreement

The Amended Complaint references the Capital Contribution Agreement (the "Agreement") as one of the agreements allegedly entered into by Xerox and ePS. The Agreement was not, however, attached to the Amended Complaint. Nevertheless, the Agreement is properly considered as part of Xerox's Motion to Dismiss:

> When a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).

*Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998); *Fudge v. Penthouse Intern., Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) ("[w]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading" without converting the motion to dismiss into a motion for summary judgment) (internal citations omitted).

Accordingly, Xerox seeks to file the Agreement, to allow the Court to consider the complete agreement in conjunction with Xerox's pending Motion to Dismiss. The Agreement is properly filed under seal because it contains sensitive information concerning Gyricon's business and the financial relationship of the parties. Indeed, the Agreement sets forth the non-disclosure agreement between the parties that applies to the Agreement itself, as well as certain exhibits ePS attached to its Amended Complaint.

The Agreement provides in pertinent part, that ePS and Xerox will not disclose:

> any confidential or proprietary information relating to the Company [Gyricon] . . . or any information concerning their . . . financial condition, customers, pricing, cost structures, compensation, business and marketing plans, sources of leads and methods of obtaining new business, or the methods generally of doing and operating their respective business.

Agreement at 9.1.

## II. Attachments B-E to the Amended Complaint are Subject to the Parties' Non-Disclosure Agreement and Should be Impounded

Pursuant to the non-disclosure provision contained in the Agreement between the parties, Xerox further requests that selected attachments to Plaintiff's Amended Complaint be impounded to prevent further publication. The following is a brief description of each of the exhibits attached to the Amended Complaint that Xerox seeks to impound and the bases for impoundment:

*Attachment B* is a November 15, 2000 presentation entitled "Electric Paper [-] A Business Opportunity". Xerox is informed and believes that this document was authored by Robert Sprague, interim CEO of GMI, and presented to Motorola *pursuant to a confidentiality agreement between GMI and Motorola*. Attachment B contains sensitive information concerning GMI's products and business plans (e.g. schedules and financial summaries) that, pursuant to the parties' non-disclosure agreement, should not have been publicly filed by ePS.

*Attachment C* is a July 7, 2000 Valuation Analysis and Equity Allocation of Electronic Paper, Inc., a potential joint venture among Xerox, ePS and a third party, 3M. The document was authored by PricewaterhouseCoopers. Although this specific venture never materialized, Attachment C contains confidential information of Xerox as well as sensitive information concerning GMI's products and business plans (e.g. competition and financial data) and should not have been publicly filed by ePS. Xerox is informed and believes that this document was

subject to a non-disclosure agreement executed by Xerox, ePS, and 3M and was maintained as confidential by each party.

*Attachment D* is a January 15, 2001 presentation entitled "Opportunities in Electronic Paper". Xerox is informed and believes that this document was authored by Gyricon and presented to NCR pursuant to a confidentiality agreement between GMI and NCR and was maintained as confidential. Attachment D contains sensitive information concerning GMI's products and business plans (e.g. technology and schedules) and should not have been disclosed by ePS.

*Attachment E* is a March 16, 2001 Business Summary of GMI. Each page of this document is marked "Company Confidential" and this document contains sensitive information concerning GMI's products and business plans (e.g. research, production, and financials) and should not have been publicly filed by ePS.

### III.   Length of Impoundment

Pursuant to Local Rule 7.2(a), Xerox states that the impoundment should remain until the conclusion of the litigation in this matter, and the documents held under seal will be retrieved by Xerox from the Court at the conclusion of the litigation.

60341775v2

4

WHEREFORE, Xerox requests that the Court enter an order impounding attachments B, C, D, and E to Plaintiff ePS' Complaint and Amended Complaint and allow Xerox to file with the Court under seal, the Capital Contribution Agreement referenced in, but not attached to, the Amended Complaint to support Xerox's pending Motion to Dismiss.

XEROX CORPORATION
By its attorneys,

_____
Peter E. Terris (BBO #494780)
Marc J. Goldstein (BBO #636228)
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
Tel: (617) 239-0100
Fax: (617) 227-4420

Jason McDonell (CASB #115084)
Dianne L. Sweeney (CASB #187198)
PILLSBURY WINTHROP LLP
2550 Hanover Street
Palo Alto, CA 94304
Tel: (650) 233-4500
Fax: (650) 233-4545

October 30, 2003

LOCAL RULE 7.1 CERTIFICATION

In accord with Local Rule 7.1, on October 24, 2003, Xerox, in writing, requested Plaintiff's assent to file this motion. Plaintiff, however, failed to respond to Xerox's request.

_____

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon Kurt Kusiak, Esq., 225 Franklin Street, Boston, MA 02110-2804, the attorney of record for Plaintiff ePapersign, LLC by hand on October 30, 2003

_____

60341775v2

5